UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN                                                    CIVIL ACTION

VERSUS                                                    NO: 11-2955

ASTRUE                                                    SECTION: "J" (3)

**ORDER**

Before the Court are the Magistrate Judge's Report and Recommendation (Rec. Doc. 24) and Plaintiff Patsy Martin's objections thereto (Rec. Doc. 25). Plaintiff objects to the Report and Recommendation on two grounds. First, Plaintiff argues that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") gave proper weight to the opinions of Plaintiff's treating physicians. Second, Plaintiff contends that the Magistrate Judge erred in finding that the ALJ properly considered the effects of Plaintiff's medications when assessing her ability to work.

With regard to Plaintiff's first objection, the Court finds that the Magistrate Judge properly found that the ALJ correctly weighed the opinions of Plaintiff's treating physicians. The United States Court of Appeals for the Fifth Circuit explained the standard for determining the weight to give a treating physician's opinion in <u>Newton v. Apfel</u>, 209 F.3d 448, 455-56 (5th Cir. 2000).

In Newton, the court explained that,

> The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. . . . A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence. . . . The opinion of a specialist generally is accorded greater weight than that of a non-specialist. . . .
>
> Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status. . . . [T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. . . . The treating physician's opinions are not conclusive. . . . The opinions may be assigned little or no weight when good cause is shown. . . . Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. . . .
>
> SSA Regulations provide that the SSA will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to controlling weight. . . .
>
> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

> In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.

Id. (citations and internal quotation marks omitted).

In the instant case, the Magistrate Judge properly found that the ALJ did not reject the treating physicians' opinions, but rather, merely accorded them less weight. The ALJ explained that the treating physicians' opinions were not supported by diagnostic instruments and clinical examinations[1] and were contradicted by other evidence in the record. Rec. Doc. 8-2, p. 24. Additionally, the ALJ noted that Plaintiff's physicians were biased because they were her physicians in litigation only. Rec. Doc. 8-2, p. 24. Likewise, the ALJ found that there was substantial evidence in the record which reflected that Plaintiff had full range of cervical spine and normal strength, motor, and sensory functioning.[2] Furthermore, the ALJ noted that one of Plaintiff's treating physicians, Dr. Michell, had provided evidence that Plaintiff was

---

[1] Plaintiff argues that the treating physician's opinion that Plaintiff is unable to work is supported by Plaintiff's MRI, which shows multiple herniated discs. The Court notes that while the MRI certainly supports a finding that Plaintiff has herniations, it does not in and of itself support the conclusion that Plaintiff is unable to work. Such a determination would come from the total record in front of the physician and the ALJ. As the ALJ noted, certain diagnostic tests, such as the physical examination of Plaintiff's range of movement, etc., contradict a finding of complete disability. See Rec. Doc. 8-2, pp. 24-5.

[2] Rec. Doc. 8-2, p. 24-25; Soc. Sec. Admin. Rec. at 347-56, 358, 365-68. The Court notes that this evidence not only comes from Dr. Trahant, an examining physician, but also from Dr. Michell, one of Plaintiff's treating physicians. Thus, it is evident that the ALJ did take the treating and examining physicians' opinions into account.

3

obtaining relief from a conservative treatment program. Rec. Doc. 8-2, p. 19; Soc. Sec. Admin. Rec. at 347-56, 358. As such, the Court finds that the Magistrate Judge was correct in his determination that there is substantial evidence in the record supporting the ALJ's assignation of weight and his ultimate conclusion that Plaintiff is not disabled.[3]

As to Plaintiff's second objection, the Court finds that the Magistrate Judge properly found that the ALJ correctly considered the effect of Plaintiff's medications when assessing Plaintiff's ability to work. Specifically, the Court notes that aside from one complaint about drowsiness, which was quickly remedied by a change of medication, there is no evidence in the record that Plaintiff's medications affect her ability to function in anyway. See Soc. Sec. Admin. Rec. at 290.

Accordingly, after considering the Magistrate Judge's Report and Recommendation, the Plaintiff's objections, the record, and the applicable law, this Court hereby **OVERRULES** Plaintiff's objections,

---

[3] As the Magistrate Judge stated, this case is a close call. In particular, it is a close call because it appears like the ALJ placed the greatest weight on the opinion of Dr. Janese, a reviewing physician, not an examining or treating physician. Nevertheless, this Court notes that while the case is a close call, the record reflects that there is substantial evidence provided by Plaintiff's treating and examining physicians which supports the ALJ's ultimate conclusion. Furthermore, the Court also finds that this case is distinguishable from Newton v. Apfel, the case that Plaintiff cites for support. In Newton, the court found that the ALJ erred by affording no weight to the treating physician's opinion. 209 F.3d at 455. In that case, the ALJ looked only to the evidence provided by the reviewing physician. Id. In contrast, in this case, the ALJ relied on evidence presented by examining physicians as well as the opinion of Dr. Janese. Moreover, as the Court has demonstrated, to some extent, the evidence and reports offered by Plaintiff's treating physicians support the ALJ's ultimate conclusion, demonstrating that some weight was given to their opinions rather than no weight at all.

**APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as its own. For the foregoing reasons,

   **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Rec. Doc. 12) is **DENIED**.

   **IT IS FURTHER ORDERED** that the Social Security Administration's Cross Motion for Summary Judgment (Rec. Doc. 23) is **GRANTED.**

   New Orleans, Louisiana, this 26th day of February, 2013.

                            _____
                            CARL J. BARBIER
                            UNITED STATES DISTRICT JUDGE